UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>NICHOLAS J. FIORILLO<br><br>Debtor | Chapter 7<br>Case No. 10-44179  -MSH |
| JONATHAN R. GOLDSMITH, TRUSTEE<br><br>Plaintiff<br><br>v.<br><br>DAVID MASSAD, MARCELLO MALLEGNI and LBM FINANCIAL, LLC<br><br>Defendants | Adversary Proceeding<br>No. 12-4005 |

**ORDER ON MOTIONS TO STRIKE**

Before me are the motions of defendants, David Massad and Marcello Mallegni, to strike the amended complaint of the plaintiff, Jonathan Goldsmith, the trustee of the bankruptcy estate of Nicholas Fiorillo, and Mr. Goldsmith's joint response opposing the motions to strike.

This adversary proceeding began as one against Messers. Massad and Mallegni as well as Commerce Bank and LBM Financial, LLC. A virtually identical complaint was filed in a separate adversary proceeding by Joseph Baldiga, the trustee of the bankruptcy estate of Tracy L. Krowel, Mr. Fiorillo's wife and a debtor in her own chapter 7 bankruptcy case before me. The two adversary proceedings were consolidated and the four defendants filed motions to dismiss both

1

proceedings. The motions were granted with respect to all claims asserted by Mr. Baldiga[1] and with respect to certain claims asserted by Mr. Goldsmith. *See Goldsmith v. Massed (In re: Fiorillo* and *In re: Krowel)*, 494 B.R. 119 (Bankr. D. Mass. 2013). I permitted Mr. Goldsmith to amend his complaint as to counts III and IV against Mr. Mallegni and LBM following which Mr. Goldsmith sought clarification as to whether I had dismissed those counts with respect to two properties, namely those located at 88 Lincoln Street, Worcester Massachusetts and 249 Lincoln Street, Worcester, Massachusetts. I clarified my previous order requiring Mr. Goldsmith to plead with greater specificity what written contracts he alleges Mr. Mallegni and LBM breached because, as noted in my earlier decision, the answer to whether counts III and IV were dismissed as to the two properties in issue depends upon what Mr. Goldsmith is actually asserting.

Following my clarification order, Mr. Goldsmith filed his amended complaint, which he captioned to include Mr. Baldiga as a plaintiff even though his complaint was dismissed in its entirety and Commerce Bank as a defendant even though all parties agreed to the bank's dismissal. The body of the complaint also notes that Mr. Baldiga is a plaintiff and Commerce Bank is a defendant. Mr. Goldsmith included the prior counts relating to properties that had been dismissed. This amendment incorporating all prior parties, counts and claims led to the filing of the current motions to strike in which Messers. Massad and Mallegni seek an order requiring Mr. Goldsmith to file a further amended complaint which eliminates parties who are no longer parties in this adversary proceeding as a result of my prior ruling and which strips away all of the dismissed counts or portions thereof. Messers. Massad and Mallegni assert that to permit the amended

---

[1] Mr. Baldiga subsequently filed a report of no assets in Ms. Krowel's bankruptcy and was discharged from his duties as the chapter 7 trustee in that case. Ms. Krowel's bankruptcy case has been closed.

complaint to stand is confusing and requires them, not to mention the court, to parse which parties, allegations, claims and properties remain at issue. Mr. Goldsmith alleges that the wholesale incorporation of dismissed parties, claims and properties is necessary to avoid confusion and preserve appellate rights. He gives short shrift to the defendants' argument as they have answered the amended complaint and taken pains to note in their answers when each believes a property or claim has been dismissed.

The defendants have the better argument. First, as Messers. Massad and Mallegni note, the time for Mr. Baldiga to have appealed the dismissal of his complaint has run and as noted above, Ms. Krowel's bankruptcy case has been closed. Mr. Goldsmith has no standing to assert any claims that belonged to Mr. Baldiga in his representative capacity. Thus including Mr. Baldiga as a purported plaintiff is improper. The same can be said for continuing to name Commerce Bank as a party when all of the parties agreed to its dismissal.

Mr. Goldsmith need not be concerned that unless he reiterates each and every allegation relating to dismissed claims and properties he will lose his appellate rights. While "[i]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect," *International Controls Corp. v. Vesco,* 556 F.2d 665 (2d Cir.1977), *cert. denied,* 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978), most courts now recognize that claims dismissed with prejudice and without leave to amend need not be re-pled in a subsequent amended complaint to preserve them for appeal. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012); *Young v. City of Mount Ranier,* 238 F.3d 567, 572–73 (4th Cir.2001) ("plaintiff does not forfeit the right to challenge the dismissal on appeal simply by filing an amended complaint that does not re-allege the dismissed claim.") (footnote omitted); *In re Atlas Van Lines, Inc.,* 209 F.3d 1064, 1067 (8th

3

Cir.2000); *Badger Pharm., Inc. v. Colgate–Palmolive Co.,* 1 F.3d 621, 625 (7th Cir.1993); *Davis, v. TXO Production Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada,* 674 F.2d 1365, 1370 (11th Cir.1982); *Wilson v. First Houston Inv. Corp.,* 566 F.2d 1235, 1238 (5th Cir.1978), *vacated on other grounds,* 444 U.S. 959, 100 S.Ct. 442, 62 L.Ed.2d 371 (1979); S*ee also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure§ 1476 (2010) ("A rule that a party waives all objections to the court's dismissal if he elects to amend is too mechanical and seems to be a rigid application of the concept that a Rule 15(a) amendment completely replaces the pleading it amends. Without more, the action of the amending party should not result in completely denying the right to appeal the court's ruling….In a strong dictum, Judge Murrah, speaking for the Tenth Circuit [in *Blazer v. Black*, 196 F.2d 139 (10th Cir. 1952)], stated that a party who amends his pleading to conform it to a court ruling only waives objections to that order insofar as it applies to technical defects in the pleading; the party does not waive exceptions to rulings that strike a 'vital blow' to a substantial portion of his claim. This seems to be a reasonable standard for determining when a party who amends the pleadings to avoid dismissal should be permitted to assert the trial court's alleged error in its original determination on appeal.").

    I agree with the majority of courts and conclude that Mr. Goldsmith will not lose his right to appeal the dismissal of his claims and properties as set forth in my earlier orders if he files a clear and concise further amended complaint setting forth only those claims and properties which were not previously dismissed, against only those defendants who remain parties. And as noted in my clarification order, whether that includes counts III and IV and whether LBM remains a party depend upon what specifically Mr. Goldsmith is alleging in those counts.

The motions to strike are granted. Mr. Goldsmith is ordered to file a further amended complaint consistent with this order.

Dated: August 22, 2013                                          By the Court,

                                                                _____
                                                                Melvin S. Hoffman
                                                                U.S. Bankruptcy Judge